[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12376
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:07-cv-01098-WKW-TFM

ROBERT C. KELLER,
individually and as representative of all
other persons similarly situated,
FRANK RUSSO,

                                        Plaintiffs-Appellants,

versus

MACON COUNTY GREYHOUND PARK, INC.,
d.b.a. Victoryland,

                                        Defendant-Appellee,

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 20, 2012)

Before BARKETT, HULL, Circuit Judges, and Hinkle,[*] District Judge.

PER CURIAM:

Plaintiff class representative Robert C. Keller and plaintiff Frank Russo[1] (the "plaintiffs") appeal the district court's grant of summary judgment to the defendant Macon County Greyhound Park ("MCGP") on the plaintiffs' claim that MCGP willfully violated the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA prohibits merchants from printing more than the last five digits of a customer's credit or debit card number on a customer's receipt. 15 U.S.C. § 1681c(g). Under 15 U.S.C. § 1681n(a), "[a]ny person who willfully fails to comply with [this] requirement . . . with respect to any consumer is liable to that consumer." In Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56–57, 127 S. Ct. 2201, 2208–09 (2007), the Supreme Court construed "willfully" in § 1681n(a) as including both "knowing" and "reckless" violations of FACTA. Recklessness entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Safeco, 551 U.S. at 68, 127 S. Ct. at 2215 (quotation marks omitted).

---

[*] Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

[1] The district court excluded Plaintiff Russo from the Keller class because Russo's claim was not typical of the class.

In December 2007, the plaintiffs filed a single count complaint alleging that MCGP willfully violated FACTA between October and December 2007 by issuing receipts to the plaintiffs and other MCGP customers showing customers' full credit and debit card numbers. The district court granted summary judgment to MCGP because the evidence created no issue of material fact as to whether MCGP "willfully" violated FACTA; the evidence, if anything, showed that MCGP's FACTA violations were neither "knowing" nor "reckless." See Burr, 551 U.S. at 56–57, 127 S. Ct. at 2208–09.

After oral argument and review of the record, we conclude that the district court properly granted summary judgment to MCGP.[2]

**AFFIRMED.**

---

[2] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment de novo. Greenberg v. BellSouth Telecomms., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007).